IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60926
Summary Calendar
_____


NGOY DESIRE BANZE; SARAH KABUTU;
KABULO OLOVIER BANZE,

                                             Petitioners,

versus

IMMIGRATION AND NATURALIZATION SERVICE,

                                             Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A29-916-157
BIA No. A29-916-158
BIA No. A29-916-159
--------------------
December 13, 2000

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Ngoy Desire Banze, Sarah Kabutu, and Kabulo Olovier Banze, petition for review of the Board of Immigration Appeals (BIA) denial of an asylum and withholding of deportatation application. As the application was filed prior to the effective date of the 1996 amendments to the Immigration and Nationality Act, the pre-amendment law governs.

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Attorney General may grant an asylum request to an alien who demonstrates past "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . ." 8 U.S.C. §§ 1158(b), 1101(a)(42)(A). As the BIA conducted a *de novo* review, we review only the decision of the BIA. See Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996). The BIA's deportation order will be sustained if "'supported by reasonable, substantial, and probative evidence on the record considered as a whole'". INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992) (quoting 8 U.S.C. § 1105a(a)(4)). Under this standard, the evidence must not merely support the asylum claim; it must "compel[] it". Id. at 481 n.1.

The evidence does not compel the conclusion that Banze was persecuted in the past for political opinion or that he has a well-founded fear of future persecution. The BIA's determination that Banze's testimony was not sufficiently detailed with respect to Banze's activities in the Union for Democracy and Social Progress (UDPS), or with respect to his second arrest is not an unreasonable view of the record. See Chun v. INS, 40 F.3d 76, 78-79 (5th Cir. 1994). Although Banze may have been arrested, and although UDPS members have been targeted and harassed by forces aligned with the Zairean government, Banze has not demonstrated that his arrests were actually motivated by his UDPS membership or that he has a reasonable fear of persecution upon returning to Zaire. As Banze has not met the burden for asylum, he cannot meet the more stringent burden for withholding of deportation. See Adebisi v.

<u>INS</u>, 952 F. 2d 910, 914 (5th Cir. 1992).  We DENY the petition for review.

DENIED.